IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOINGOC "MARY" DINH, D.O. | : |
| | : |
| Plaintiff | : NO 2:21-CV-5129 |
| | : |
| v. | : |
| | : Honorable Nitza I. Quiñones |
| | : Alejandro |
| THE GOOD SAMARITAN HOSPITAL | : |
| OF LEBANON PENNSYLVANIA, | : |
| d/b/a WELLSPAN GOOD | : |
| SAMARITAN HOSPITAL and | : |
| WELLSPAN HEALTH | : |
| | : |
| Defendants | : |

## ANSWER TO COMPLAINT

COME NOW, Defendants The Good Samaritan Hospital of Lebanon Pennsylvania, d/b/a WellSpan Health Good Samaritan Hospital ("Hospital")[1] and WellSpan Health ("Health System" and together, "Defendants"), by and through their undersigned counsel, and state as their Answer to the Complaint of Boingoc "Mary" Dinh, D.O. (hereinafter referred to as "Plaintiff") the following:

**PARTIES:**

1. Admitted, upon information and belief.

2. Admitted.

3. Admitted.

4. Admitted as modified, denied in part. It is admitted that the Defendant Health System is the parent entity. It is denied that the Defendant Health System operates the Defendant Hospital.

---

[1] The comma has been omitted after Lebanon to comport with the Hospital's proper legal name.

9002275.1

5. Admitted in part, denied in part. It is admitted that Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (the "EEOC") on or around April 13, 2021. After reasonable investigation, Defendants are without sufficient information to form a belief as to whether Plaintiff's Charge was dual filed with the Pennsylvania Human Relations Commission and, accordingly, deny the same and strict proof thereof is demanded.

6. Admitted as modified. It is admitted that the EEOC issued a Notice of Right to Sue to Plaintiff on or around October 20, 2021.

**JURISDICTION AND VENUE:**

7. The allegations of Paragraph 7 constitute conclusions of law to which no response is required. To the extent a response is required, it is admitted that this court has original jurisdiction over the federal claims alleged and supplemental jurisdiction over the state claims alleged.

8. The allegations of Paragraph 8 are subject to Defendants' Motion to Transfer which was filed with this Honorable Court and, therefore, no responsive pleading is required at this time.

**FACTUAL BACKGROUND:**

9. Admitted in part. It is admitted that Plaintiff, a female of Vietnamese descent, graduated from the Texas College of Osteopathic Medicine in 2017. After reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the averment that Plaintiff is Buddhist.

10. Admitted in part, denied in part. It is admitted that Plaintiff commenced her first year of family medical residency at the Hospital in or around July of 2018. The remaining

2

allegations of Paragraph 10 constitute conclusions of law to which no responsive pleading is required; to the extent a response is required, it is denied that as a resident of the Hospital's program, Plaintiff became an employee of the Defendant Health system.

11. Admitted in part and denied in part. It is admitted that Dr. Waheed, a Muslim, male, was family medicine program director. It is admitted that Dr. Khan is a male. It is denied that Dr. Khan was the Associate Director of the family medicine program during the entirety of Plaintiff's employment in the family medicine program. Rather, Dr. Khan became the Associate Director in July of 2020. After reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the averment that Dr. Khan is Muslim.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Admitted as modified, denied in part. It is admitted that Dr. Callinan, a female, was counseled about double scheduling herself for a moonlighting shift with the hospitalist department while being concurrently scheduled for Academic Time in the family medicine program. After reasonable investigation, Defendants are without sufficient information to form a belief as to the religions of Dr. Callinan and Dr. Khan. The remaining allegations are denied.

19. Denied.

20. Denied.

21. Denied.

22. Admitted in part, denied in part. It is admitted that Plaintiff received a satisfactory score on her COMLEX 3 boards. It is further admitted that Fauzan Ahmed, Vietnamese, failed his USMLE board and retook the same. After reasonable investigation, Defendants are without sufficient information to form a belief as to the religion of Mr. Nguyen. The remaining allegations in Paragraph 22 are denied.

23. Denied.

24. Denied.

25. Denied.

26. Admitted in part, denied in part. It is admitted that Plaintiff took a three-week medical leave of absence. The remaining allegations are denied.

27. Denied.

28. Denied.

29. Admitted in part, denied in part. It is admitted that Plaintiff met with Dr. Waheed on or around July 24, 2020. It is further admitted that in or around October of 2020, Plaintiff's health care provider submitted a form with a number of workplace restrictions with respect to Plaintiff; said form is a written document that speaks for itself and, accordingly, Defendants deny Plaintiff's characterization of the same. After reasonable investigation, Defendants are without sufficient information to form a belief as to whether Plaintiff was diagnosed with PTSD and, accordingly, deny the same and strict proof thereof is demanded. The remaining allegations in Paragraph 29 are denied.

30. Admitted in part, denied in part. It is admitted that Plaintiff took a medical leave of absence following her syncopal episode from on or around July 29, 2020 to on or around November 8, 2020. It is admitted that Plaintiff complained to human resources, but it is denied

that Plaintiff complained that she was being singled out or harassed because of her gender, religion or alleged disability. After reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the averment that Plaintiff filed a formal complaint of harassment with the ACGME and accordingly, deny the same and strict proof thereof is demanded. The remaining allegations of Paragraph 30 are denied.

31. Denied.

32. Denied.

33. Admitted in part, denied in part. It is admitted that Plaintiff's performance evaluations had been fair and objective. The remaining allegations in Paragraph 33 are denied.

34. Denied.

35. Denied.

36. Admitted in part, denied in part. It is admitted that Plaintiff resigned on or around January 25, 2021. The remaining allegations in Paragraph 36 are denied.

37. Admitted in part and as modified, denied in part. It is admitted that Plaintiff requested Defendants to complete a licensing verification to the Oregon State Medical Board on or around February 17, 2021. It is admitted that Plaintiff was asked to sign an authorization for release of information form because she had not completed the family residence program. It is denied that the Hospital failed to send the licensing verification in the absence of Plaintiff signing the authorization form. The remaining allegations in Paragraph 37 are denied.

38. Denied.

**COUNT I -Title VII (Religious Discrimination)**

39. Defendants incorporate their responses from Paragraph 1 through 38 above as if set forth in full here.

40. The allegations of Paragraph 40 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 40 are denied.

41. The allegations of Paragraph 41 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 41 are denied.

42. The allegations of Paragraph 42 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 42 are denied.

43. The allegations of Paragraph 43 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 43 are denied.

44. The allegations of Paragraph 44 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 44 are denied.

45. The allegations of Paragraph 45 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 45 are denied.[2]

### COUNT II – Title VII (Gender Discrimination)

46. Defendants incorporate their responses from Paragraph 1 through 45 above as if set forth in full here.

---

[2] Plaintiff includes additional allegations in a separate unnumbered paragraph immediately following Paragraph 45, which constitute a prayer for relief to which no response is required. To the extent a response is required, Defendants deny that they are liable to Plaintiff for any damages.

6

9002275.1

47. The allegations of Paragraph 47 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 47 are denied.

48. The allegations of Paragraph 48 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 48 are denied.

49. The allegations of Paragraph 49 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 49 are denied.

50. The allegations of Paragraph 50 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 50 are denied.

51. The allegations of Paragraph 51 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 51 are denied.

52. The allegations of Paragraph 52 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 52 are denied.[3]

### COUNT III – ADA (Disability Discrimination)

53. Defendants incorporate their responses from Paragraph 1 through 52 above as if set forth in full here.

---

[3] Plaintiff includes additional allegations in a separate unnumbered paragraph immediately following Paragraph 52, which constitute a prayer for relief to which no response is required. To the extent a response is required, Defendants deny that they are liable to Plaintiff for any damages.

9002275.1

54. The allegations of Paragraph 54 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 54 are denied.

55. The allegations of Paragraph 55 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 55 are denied.

56. The allegations of Paragraph 56 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 56 are denied.

57. The allegations of Paragraph 57 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 57 are denied.

58. The allegations of Paragraph 58 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 58 are denied.

59. The allegations of Paragraph 59 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 59 are denied.

60. The allegations of Paragraph 60 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 60 are denied.[4]

---

[4] Plaintiff includes additional allegations in a separate unnumbered paragraph immediately following Paragraph 60, which constitute a prayer for relief to which no response is required. To

## COUNT IV – Title VII (Retaliation)

61. Defendants incorporate their responses from Paragraph 1 through 60 above as if set forth in full here.

62. The allegations of Paragraph 62 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 62 are denied.

63. The allegations of Paragraph 63 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 63 are denied.

64. The allegations of Paragraph 64 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 64 are denied.

65. The allegations of Paragraph 65 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 65 are denied.

66. The allegations of Paragraph 66 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 66 are denied.

67. The allegations of Paragraph 67 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 67 are denied.

---

the extent a response is required, Defendants deny that they are liable to Plaintiff for any damages.

9002275.1

68. The allegations of Paragraph 68 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 68 are denied.[5]

## COUNT V – ADA (Retaliation)

69. Defendants incorporate their responses from Paragraph 1 through 68 above as if set forth in full here.

70. The allegations of Paragraph 70 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 70 are denied.

71. The allegations of Paragraph 71 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 71 are denied.

72. The allegations of Paragraph 72 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 72 are denied.

73. The allegations of Paragraph 73 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 73 are denied.

74. The allegations of Paragraph 74 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 74 are denied.

---

[5] Plaintiff includes additional allegations in a separate unnumbered paragraph immediately following Paragraph 68, which constitute a prayer for relief to which no response is required. To the extent a response is required, Defendants deny that they are liable to Plaintiff for any damages.

75. The allegations of Paragraph 75 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 75 are denied.

76. The allegations of Paragraph 76 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 76 are denied.[6]

### COUNT VI – PHRA (Discrimination)

77. Defendants incorporate their responses from Paragraph 1 through 76 above as if set forth in full here.

78. The allegations of Paragraph 78 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 78 are denied.

79. The allegations of Paragraph 79 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 79 are denied.

80. The allegations of Paragraph 80 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 80 are denied.

81. The allegations of Paragraph 81 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 81 are denied.[7]

---

[6] Plaintiff includes additional allegations in a separate unnumbered paragraph immediately following Paragraph 76, which constitute a prayer for relief to which no response is required. To the extent a response is required, Defendants deny that they are liable to Plaintiff for any damages.

9002275.1

## COUNT VII – PHRA (Retaliation)

82. Defendants incorporate their responses from Paragraph 1 through 81 above as if set forth in full here.

83. The allegations of Paragraph 83 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 83 are denied.

84. The allegations of Paragraph 84 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 84 are denied.

85. The allegations of Paragraph 85 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 85 are denied.

86. The allegations of Paragraph 86 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 86 are denied.[8]

Defendant denies any allegations not specifically admitted.

Jury trials are not available under the Pennsylvania Human Relations Act.

---

[7] Plaintiff includes additional allegations in a separate unnumbered paragraph immediately following Paragraph 81, which constitute a prayer for relief to which no response is required. To the extent a response is required, Defendants deny that they are liable to Plaintiff for any damages.

[8] Plaintiff includes additional allegations in a separate unnumbered paragraph immediately following Paragraph 86, which constitute a prayer for relief to which no response is required. To the extent a response is required, Defendants deny that they are liable to Plaintiff for any damages.

## RESPONSE TO PLAINTIFF'S JURY DEMAND

In response to Plaintiff's jury demand, Defendants state there is no right to a trial by jury on the issues of back and front pay under the ADA and Title VII and there is no right to a jury trial under the PHRA.

## AFFIRMATIVE DEFENSES

Defendants state the following as defenses to Plaintiff's claims asserted in the Complaint without assuming the burden of proof for any such defenses that would otherwise rest on Plaintiff and with the reservation of Defendants' right to amend or supplement their responses to the Complaint, as well as their Affirmative Defenses, as information is obtained through discovery.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted. Specifically, Plaintiff fails to allege facts that, if proven, would establish that Defendants discriminated or retaliated against Plaintiff in violation of Title VII, the ADA, or the PHRA.

## SECOND AFFIRMATIVE DEFENSE

At all times, Defendants made all reasonable efforts to ensure a working environment free of biases without regard to employees' religion, sex, or disability among other protected classifications. These efforts include, but are not limited to, the establishment, distribution, and enforcement of an equal employment opportunity policy that prohibits employment discrimination on any unlawful basis including religion, sex, disability, or retaliation and an anti-harassment policy that prohibits employment discrimination on any unlawful basis including religion, sex, disability or retaliation.

### THIRD AFFIRMATIVE DEFENSE

All employment decisions with respect to Plaintiff were made for legitimate, nondiscriminatory and non-retaliatory reasons.

### FOURTH AFFIRMATIVE DEFENSE

Defendants deny that they are guilty of any action and/or inaction that would permit Plaintiff to recover in this lawsuit.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a cognizable claim of retaliation because she cannot demonstrate that she engaged in protected activity nor establish the requisite "but for" causation.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages to the extent required by law.

### SEVENTH AFFIRMATIVE DEFENSE

At all times, Defendants applied their employment policies and practices equally to Plaintiff and Defendants' other employees without discrimination on any unlawful basis, including religion, sex, disability or retaliation.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they are premised upon events that occurred outside the applicable statute of limitations period or to the extent that they are beyond the scope of any charge filed with the EEOC or the PHRC.

### NINTH AFFIRMATIVE DEFENSE

Defendants acted in good faith and with reasonable cause to believe they were complying with their responsibilities under Title VII of the Civil Rights Act, 42 U.S.C. Section 2000e *et*

*seq.*, Title I of the Americans with Disabilities Act, 42 U.S.C. Section 12101 *et seq.*, as amended, and the Pennsylvania Human Relations Act, 43 P.S. Section 955 *et seq.*

### TENTH AFFIRMATIVE DEFENSE

At all times relevant, Defendants exercised reasonable care to prevent and correct promptly any discriminatory, harassing, or retaliatory behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities or to avoid harm otherwise.

### ELEVENTH AFFIRMATIVE DEFENSE

Under the established law of the United States Supreme Court and the Third Circuit, the academic decisions by Defendant Good Samaritan Hospital as an educational entity, and the judgment of its faculty physicians, are entitled to great deference.

### TWELFTH AFFIRMATIVE DEFENSE

As a matter of law, the averments of fact set forth in Plaintiff's Complaint do not rise to the level of sufficiently severe and pervasive to form the basis of a constructive discharge claim.

### THIRTEENTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's claims under the Pennsylvania Human Relations Act, Plaintiff is not entitled to a jury trial or recovery of punitive damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff does not have a non-job-related disability within the meaning of the Pennsylvania Human Relations Act, nor is Plaintiff a qualified individual with a disability within the meaning of the Americans with Disabilities Act.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a matter of law, a change of supervisor is not a form of reasonable accommodation under the American with Disabilities Act or the Pennsylvania Human Relations Act.

## **SIXTEENTH AFFIRMATIVE DEFENSE**

The Hospital and Health System are separate legal entities. The Health System did not employ any medical residents, including Plaintiff. There is no basis upon which to impose liability upon the Health System.

WHEREFORE, Defendants respectfully request that this Action be dismissed, with prejudice, and that Defendants be awarded their costs expended in defense of this action, including, but not limited to, its attorneys' fees, expert witness fees, Court costs, and such other relief that the Court deems necessary and appropriate.

    Respectfully Submitted,

    BARLEY SNYDER LLP

    */s/ Jennifer Craighead Carey*
    Jennifer Craighead Carey, Esq.
    (Pa. Bar. No. 69105)
    jcraighead@barley.com
    *Attorney for Defendants*
    126 East King Street
    Lancaster, PA  17602-2893
    Tel:  (717) 299-5201 / Fax: (717) 291-4660

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing, Defendants' Answer, was filed electronically and is available for viewing and downloading on the Court's CM/ECF system this 23rd day of December, 2021.

Stanley B. Cheiken, Esquire<br>
2617 Huntingdon Pike<br>
Huntingdon Valley, PA 19006

BARLEY SNYDER LLP

*/s/ Jennifer Craighead Carey*
Jennifer Craighead Carey, Esq
(Pa. Bar No. 69105)
jcraighead@barley.com
*Attorney for Defendants*
126 East King Street
Lancaster, PA  17602-2893
Tel:  (717) 299-5201
Fax: (717) 291-4660

9002275.1