# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BOINGOC "MARY" DINH, D.O.** : | | **CIVIL ACTION** |
| *Plaintiff* : | | |
| : | | **NO. 21-5129** |
| v. : | | |
| : | | |
| **THE GOOD SAMARITAN** : | | |
| **HOSPITAL OF LEBANON,** : | | |
| **PENNSYLVANIA,** *et al.* : | | |
| *Defendants* : | | |

# ORDER

**AND NOW**, this 18th day of January 2022, upon consideration of Defendants' *motion to transfer venue*, [ECF 4], Plaintiff's opposition thereto, [ECF 7], Defendants' reply, [ECF 10], and the allegations in the complaint, [ECF 1], it is hereby **ORDERED** that Defendants' motion to transfer venue is **GRANTED**. Accordingly, the Clerk of Court is directed to **TRANSFER** this matter to the United States District Court for the Middle District of Pennsylvania,[1] and to mark this matter **CLOSED**.

---

[1] Plaintiff Boingoc "Mary" Dinh, D.O. ("Plaintiff"), a resident of Texas, filed a complaint in this Court against her former employers, Defendants The Good Samaritan Hospital of Lebanon, Pennsylvania and Wellspan Health ("Wellspan") (collectively, "Defendants"), in which she asserted various claims of employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.*, and the Pennsylvania Human Relations Act (the "PHRA"), 43 Pa. Cons. Stat. § 955 *et seq.* The alleged facts underlying Plaintiff's claims occurred in Lebanon County, Pennsylvania, where the hospital operated by Defendants and the location where Plaintiff underwent her medical residency program is located. Defendant Wellspan is headquartered in York County, Pennsylvania. Notably, both Lebanon County and York County are located within the Middle District of Pennsylvania.

Instantly, Defendants move to transfer venue to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). This section provides that for "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The purpose of transferring venue under § 1404(a) "is to prevent the

---

waste of time, energy, and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). A threshold inquiry under § 1404(a) is whether both the original venue and the requested venue are proper. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). If venue is proper, the court must then undertake a balancing test to decide whether the convenience of the parties and witnesses and the interest of justice would be better served by a transfer to a different forum. *Jumara*, 55 F.3d at 879; *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 197 (E.D. Pa. 2008). Although there is no definitive formula or list of factors to consider, when determining whether a transfer is warranted, a court should weigh relevant private and public interests in its decision-making process:

> The private interests include[]: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests include[]: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879–80.

As to the initial threshold inquiry required under § 1404(a)—whether venue is proper in both the transferor and transferee districts—Title VII contains its own venue provision. 42 U.S.C. § 2000e-5(f)(3). Title VII's venue provision allows actions thereunder to be brought in any judicial district where the unlawful employment practice was allegedly committed, the district in which the employment records are maintained, or the district in which the plaintiff would have worked but for the unlawful employment practice. *Id.* The parties agree that under Title VII's venue provision, venue is proper in both the Eastern and Middle Districts of Pennsylvania. Defendant argues, however, that the Middle District is the more convenient forum because Defendants and most witnesses are located there, and the facts underlying Plaintiff's claims occurred there. Plaintiff disagrees, arguing primarily that Plaintiff's choice of forum (the Eastern District) should be given deference.

As to *Jumara* private interest factors, although a plaintiff's choice of venue is generally given deference, the plaintiff's choice receives less weight when none of the operative facts occurred in the selected forum. *Coppola*, 250 F.R.D. at 197–98; *Rowles v. Hammermill Paper Co., Inc.*, 689 F. Supp. 494, 496 (E.D. Pa. 1988) (noting that "plaintiff's choice of forum merits less deference when none of the conduct complained of occurred in plaintiff's selected forum"). Further, a plaintiff's forum choice receives "considerably less weight" when "the plaintiff chooses a forum which is not his home." *Siegel v. Homestore, Inc.*, 255 F. Supp. 2d 451, 456 (E.D. Pa. 2003) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981)). Here, the operative facts of the complaint occurred in the Middle District of Pennsylvania, not in Houston, Texas, where Plaintiffs resides. Accordingly, Plaintiff's choice is afforded little weight.

On the other hand, Defendants' suggested forum is actually the *situs* where the relevant acts occurred. In addition, the vast majority of the individuals named in Plaintiff's complaint are physicians

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

actively practicing medicine in the Middle District of Pennsylvania.  To hale these potential physician-witnesses into the Eastern District would present practical problems under normal circumstances, but to do so now in the midst of the COVID-19 pandemic, when hospitals and health systems are already overwhelmed, would likely burden Defendants' operations and their ability to provide medical services to their communities.  While calling on these physicians for trial in any district would further exacerbate the strain felt by Defendants, transferring venue to the Middle District, where Defendants are in closer proximity to the Court, would at least minimize this strain.  Notably, neither the Middle District nor the Eastern District would serve as a more convenient forum for Plaintiff, who resides in Texas.  To allow venue to remain with the Eastern District would, thus, serve only to unnecessarily inconvenience Defendants, while providing no further convenience to Plaintiff.  Because key witnesses and all relevant documents are located in the Middle District, the private interest factors—including the ease of access to sources of proof, the convenience of the witnesses, and the interest in making trial easy, expeditious, and inexpensive—favor venue in the Middle District of Pennsylvania.

As to the *Jumara* public interest factors, although there is no contention that the potential witnesses will be unavailable for trial in this district, their proximity to the Middle District will likely result in an easier, more expeditious, and less expensive trial.  The remaining public interest factors are neutral to the Court's consideration.  As a party, Plaintiff will not be inconvenienced by having this matter adjudicated in either this district or the Middle District, as she resides in Texas.  Further, Defendants have the financial wherewithal to adjudicate this matter in either district.  There is no suggestion that relevant books and records cannot be produced in either district.  Both this Court and the Court for the Middle District are located in Pennsylvania and would be applying the same law; as such, the enforceability of any judgment, the public policy of the fora, and the familiarity of the trial judge with Pennsylvania state law are neutral factors.

Having balanced and weighed the relevant *Jumara* factors, this Court finds that the transfer of this matter to the Middle District of Pennsylvania is appropriate pursuant to 28 U.S.C. § 1404(a).  As such, Defendants' motion is granted, and this matter is transferred to the Middle District of Pennsylvania.